UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 14-CV-29 (JFB) (AKT)

———————————

GABRIEL R. FALCO,

Plaintiff,

VERSUS

JUSTICES OF THE MATRIMONIAL PARTS OF THE SUPREME COURT OF SUFFOLK COUNTY,

Defendants.

———————————

**MEMORANDUM AND ORDER**
February 24, 2015

———————————

JOSEPH F. BIANCO, District Judge:

This action arises out of plaintiff's divorce proceeding in New York State Supreme Court. On January 6, 2014, plaintiff Gabriel R. Falco ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the "Justices of the Matrimonial Parts of the Supreme Court of Suffolk County" ("defendants"). The gravamen of plaintiff's complaint is that he has been ordered to bear the cost of a court-appointed attorney for his children. Plaintiff claims that this order is unconstitutional.

The New York State Attorney General's Office has moved to dismiss the complaint on behalf of the defendants. For reasons set forth herein, the Court grants the motion and dismisses this action in its entirety. In short, plaintiff's claim asks this court to: (1) intervene in an ongoing matrimonial proceeding in state court, and (2) resolve a department split in the New York State Appellate Division over an interpretation of statutes governing the state judiciary. Under these circumstances, the Court readily concludes that abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971).

I. BACKGROUND

A. Facts

The following facts are taken from the complaint, and are not findings of fact by the Court. Instead, the Court will assume these facts to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to plaintiff, the non-moving party.

In August 2013, Gabriel Falco filed a matrimonial action in Suffolk County for divorce from his wife. (Complaint, ¶ 12.) The proceeding commenced in Suffolk

County Supreme Court before Justice Marlene L. Budd. (*Id.* at ¶ 13-14.) Justice Budd held an initial conference on September 24, 2013, during which the court addressed a series of administrative issues relating to the divorce proceeding. (*Id.*) At that time, the court appointed an attorney to represent the interests of plaintiff's two children. (*Id.* at ¶¶ 14-21.) In the New York State court system, this role is alternately titled "Law Guardian" or "Attorney for the Children." Plaintiff asserted that he was indigent, and requested that the court award state funds to pay the legal fees of the Law Guardian. (*Id.* at ¶ 18.) The court denied that application and directed plaintiff to pay the attorney's fees, at a rate of $250 per hour. (*Id.* at ¶¶ 19-21.) That order is annexed to the complaint as Exhibit 11. (*See* ECF No. 1-11.) Plaintiff was unable to pay the attorney's fees, and he fears that he will be held in contempt. (*Id.* ¶¶ 22-26.)

Plaintiff attempted to appeal the court's order to the Appellate Division, Second Department, which sits in review of decisions from the Suffolk County courts. The Second Department dismissed the appeal, but the complaint does not explain the circumstances of the dismissal. (*Id.* ¶ 23.)

Plaintiff filed this action on January 6, 2014, seeking injunctive and declaratory relief. His complaint centers on his assertion that the order directing payment to the Law Guardian is unconstitutional, and that the order also runs afoul of § 35 of the New York Judiciary Law. (*Id.* ¶¶ 37-46.)[1]

Defendants filed a motion to dismiss the complaint on March 20, 2014, and plaintiff filed an opposition to that motion on April 16, 2014. Defendant filed a reply on April 30, 2014, and the Court heard oral argument on January 11, 2015. At oral argument, plaintiff's counsel informed the Court that the matrimonial action was still pending, and that the Second Department dismissed his appeal because the order directing payment to the Law Guardian will not become a final, appealable order until the case resolves. Plaintiff also stated that the order directing plaintiff to pay the appointed Law Guardian was still in effect. Plaintiff confirmed these facts in several status reports filed after the oral argument. (*See*, ECF Nos. 29-31.)

This matter is fully submitted, and the Court has fully considered the submissions of the parties.

II. MOTION TO DISMISS

A. Standard of Review

Defendants have filed a motion to dismiss, invoking Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, defendants' motion asserts that the Court lacks jurisdiction over plaintiff's claims under several abstention doctrines, and therefore the Court also considers the motion under Rule 12(b)(1).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must

---

[1] Plaintiff's claim rests upon what he characterizes as a split between the departments of the New York State Appellate Division over whether parents are obliged to pay the costs of Law Guardians appointed under § 35. (*See* Compl., ¶¶ 38-46 (asserting that there are "divergent positions taken in New York's various Judicial Departments as to orders that concerned the access to, or denial of, state funds for children's law guardians . . . based upon varying judicial interpretations of § 35.") (collecting cases)). The complaint contends that any interpretation of § 35 that permits courts to order indigent parents to bear the cost of a court-appointed Law Guardian is repugnant to the Constitution.

accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth two principles for a district court to follow in deciding a motion to dismiss. 556 U.S. 662 (2009). First, district courts must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To defeat a motion to dismiss brought under Fed. R. Civ. P. 12(b)(1), "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In resolving this issue, the court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Additionally, the court "may refer to evidence outside the pleadings" to resolve the jurisdictional issue. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

B. Discussion

Although defendants assert that dismissal is appropriate on several grounds, the Court concludes that abstention from exercising jurisdiction over plaintiff's claims is required, and thus, the Court need not consider defendants' alternative grounds.

Defendants contend that the Court must abstain from entertaining this action under the doctrine commonly known as "*Younger* abstention," [2] named after the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). Under this doctrine, "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). The Second Circuit has held that abstention under this doctrine is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or federal constitutional claims. *Id.* at 75. Courts in this Circuit have routinely held that *Younger* compels the dismissal of

---

[2] Defendants also argue that abstention is required under *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943) and *Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496 (1941). Abstention is clearly required here under *Younger*. For this reason, the Court need not decide whether abstention is also appropriate under *Burford* and *Pullman*. Similarly, the Court need not reach defendants' arguments regarding the defendants' immunity from suit or the preclusive effect of the Eleventh Amendment.

claims that seek to enjoin or otherwise interfere with New York State Family Court proceedings. *Wrobleski v. Bellevue Hosp.*, No. 13-CV-8736 (WHP), 2015 U.S. Dist. LEXIS 17391, at *6 (S.D.N.Y. Jan. 30, 2015) (holding that claims relating to ongoing New York State Family Court proceedings were barred by *Younger*); (dismissing under *Younger* a claim seeking relief from a temporary order of protection entered against him in Queens County Family Court); *Best v. City of New York*, No. 12-CV-7874 (RJS), 2013 U.S. Dist. LEXIS 183715, at *18 (S.D.N.Y. Nov. 21, 2013) (applying *Younger* and dismissing claim for injunctive and declaratory relief against a pending family court proceeding), *report and recommendation adopted,* 2014 U.S. Dist. LEXIS 5491 (S.D.N.Y. Jan. 15, 2014); *Martinez v. Queens County DA*, No. 12-CV-6262 (RRM), 2014 U.S Dist. LEXIS 34778, at *29 n.8 (E.D.N.Y. Mar. 17, 2014) ("Finally, to the extent that plaintiff is seeking to enjoin ongoing family court proceedings, his claims are barred by the *Younger* abstention doctrine . . . ."); *accord Panzardi v. Jensen*, No. 13-CV-4441, 2014 U.S. Dist. LEXIS 29834, at *13 n.6 (E.D.N.Y. Mar. 7, 2014).

Here, plaintiff seeks injunctive and declaratory relief[3] from a state court order directing him to pay the legal fees of his children's court-appointed Law Guardian. Applying the *Younger* factors here, it is clear that all three requirements are met. As to the first and second requirements, plaintiff does not (and cannot) contest that the matrimonial proceeding is an ongoing state proceeding, and that the New York State judiciary has an interest in administering its Law Guardian program in divorce proceedings and enforcing its own orders.[4] Plaintiff's sole argument is that the state court system does not afford plaintiff an adequate forum for his constitutional claims. Plaintiff argues that federal intervention is necessary because the Suffolk County Supreme Court has not granted his requests for an amendment of the appointment order, and the Second Department has denied his attempts to file an interlocutory appeal. However, the Second Circuit has affirmed a decision rejecting these exact arguments. In *McKnight v. Middleton*, the district court dismissed a claim under *Younger*, even though the state court order at issue was not immediately appealable. The district court explained:

> While Plaintiff correctly notes that the Family Court orders in question in this litigation are not appealable as of right in state court because they are not "order[s] of disposition," nothing precludes Plaintiff from raising these claims in a state appellate court at the conclusion of the Family Court proceedings.

699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010) (internal citations omitted), *aff'd*, 434 F. Appx. 32 (2d Cir. 2011); *see also Sargent v. Emons*, No. 13-CV-863 (JBA), 2013 U.S. Dist. LEXIS 172615, at *17 (D. Conn. Dec. 9, 2013) (rejecting argument that

---

[3] *Younger* does not apply to claims for monetary damages. *See Morpurgo v. Inc. Vill. of Sag Harbor*, 327 F. Appx. 284, 286 (2d Cir. 2009). At oral argument, plaintiff clarified that he does not seek monetary damages. Nor could he, since state court judges are immune from suit for monetary damages for actions taken in their judicial capacity. *Bliven v. Hunt*, 579 F.3d 204, 210-14 (2d Cir. 2009) (an award of fees to appointed counsel was a judicial action, and thus the judicial officer was immune from suit for money damages).

[4] Additionally, it appears that plaintiff's claim rests primarily upon conflicting state law cases interpreting the state's judiciary laws. *See supra* note 1. New York State clearly has an interest in resolving these issues within the State's courts.

4

unavailability of an interlocutory appeal barred *Younger* abstention), *aff'd on other grounds*, 582 F. Appx. 51 (2d Cir. 2014). Plaintiff also argues that he has no forum for redress in state court because the Second Department is bound by legal precedent that is fatal to plaintiff's challenge to Section 35 of the New York Judiciary Act. The Court finds this argument unpersuasive, because the third element of *Younger* does not depend upon plaintiff's chances of success in state court. As the Second Circuit has explained:

> Fundamental to *Younger* is the principle that "a party . . . must exhaust his state appellate remedies before seeking relief in the District Court[;] . . . the considerations of comity and federalism which underlie *Younger* permit no truncation of the exhaustion requirement merely because the losing party in the state court . . . believes that his chances of success on appeal are not auspicious.

*Glatzer v. Barone*, 394 F. Appx. 763, 765 (2d Cir. 2010) (alterations in original) (quoting *Huffman v. Persue*, 420 U.S. 592, 608 (1975)). Accordingly, the Court concludes that plaintiff has an adequate forum for redress in state court.

To the extent plaintiff argues that the circumstances of this case merit an exception from the *Younger* doctrine, the Court disagrees. "Despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of 'bad faith, harassment or any other unusual circumstance that would call for equitable relief.'" *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (quoting *Younger*, 401 U.S. at 54). Plaintiff asserts that this Court must intervene in the matrimonial proceeding because plaintiff cannot comply with the payment order, and he fears he will be held in contempt and imprisoned. Plaintiff's concerns about a possible finding of contempt do not alter the Court's abstention analysis. As an initial matter, it appears that plaintiff has been in default on the court's order since September 2013, and the court has not initiated any contempt proceedings. In any event, all state court orders carry the threat of contempt for non-compliance; if the Court were to accept plaintiff's argument, all state court orders would become reviewable by federal courts. This would significantly—if not completely—undermine the prohibitions of *Younger*.[5]

### C. Leave to Amend

Having concluded that plaintiff has failed to state a plausible claim under Section 1983, the Court has considered whether he should be afforded an opportunity to amend his complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires."

---

[5] If the Suffolk County Supreme Court ultimately holds plaintiff in contempt, it is far from clear that *Younger* permits plaintiff to seek relief in federal court. *See Juidice v. Vail*, 430 U.S. 327, 339 (1977) (holding that *Younger* required the district court to abstain in an action that sought to challenge the statutory contempt procedures in New York); *Heck v. Humphrey*, 512 U.S. 477, 486-86 (1994). Moreover, New York courts provide process for individuals who wish to challenge their contempt proceedings. *See* N.Y. C.P.L.R. § 7001; *People ex rel. Foote v. Lorey*, 28 A.D.3d 917, 918 (3d Dept. 2006) (addressing a petition for a writ of habeas corpus filed pursuant to N.Y. C.P.L. Article 70 challenging a family court order of contempt). In any event, these issues are not presently before the Court, because there have been no contempt proceedings to date in plaintiff's matrimonial action.

In the matter at bar, the Court is obliged to abstain from hearing plaintiff's claims. Better pleading would not alter the propriety of abstention, and leave to amend is therefore denied. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint); *Novie v. Vill. of Montebello*, No. 10-CV-9436 (CS), 2012 U.S. Dist. LEXIS 115948, at *20 n.10 (S.D.N.Y. Aug. 16 2012) (denying leave to amend complaint where abstention doctrine rendered amendment futile).

### III. Conclusion

For the reasons set forth herein, the Court grants the defendants' motion to dismiss the complaint in its entirety. The Clerk of Court shall close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 24, 2015
Central Islip, NY

\* \* \*

Plaintiff is represented by Patricia Weiss, Sag Harbor Shopping Cove, 78 Main Street, Suite 14, P.O. Box 751, Sag Harbor, New York, 11963. Defendants are represented by Susan M. Connelly, New York State Office of the Attorney General, 300 Motor Parkway, Suite 230, Hauppauge, NY 11788.